UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Anne Marie Rasmusson, | Case No. 12-632 (SRN/JSM) |
| Plaintiff, | |
| vs. | |
| City of Bloomington; City of Burnsville; City of Cottage Grove; City of Eagan; City of Eden Prairie; City of Lakeville; City of Minneapolis; City of Minnetonka; City of St. Paul; Ramsey County; University of Minnesota; Charles Gollop, acting in his individual capacity as a Sergeant of the Bloomington Police Department; Sean Sweeney, acting in his individual capacity as an Officer of the City of Eagan Police Department; Zachary Hessel, acting in his individual capacity as an Officer of the Eden Prairie Police Department; Christopher Millard, acting in his individual capacity as an Officer of the Eden Prairie Police Department; Carter Staaf, acting in his individual capacity as a Sergeant of the Eden Prairie Police Department; Chris Erickson, acting in his individual capacity as a Lieutenant of the Minnesota State Patrol; Dean Grothem, acting in his individual capacity as a Trooper of the Minnesota State Patrol; Michael Campion, acting in his individual capacity as Commissioner of the Minnesota Department of Public Safety; Mona Dohman, acting in her individual capacity as Commissioner of the Minnesota Department of Public Safety; John and Jane Does (1 – 120) acting in their individual capacity as supervisors, officers, deputies, staff, investigators, employees or agents of the other named law-enforcement agencies; and Entity Does (1-20) including cities, counties, municipalities, and other entities sited in Minnesota and federal departments and agencies, | **THE CITY OF ST. PAUL'S ANSWER**<br><br>**[Jury Trial Demanded]** |
| Defendants. | |

NOW COMES Defendant, City of St. Paul ("the City"), for its Answer to Plaintiff's Complaint. The City states and alleges as follows:

1.      Except as admitted or otherwise qualified below, the City denies each and every allegation contained in Plaintiff's Complaint, including any allegations in the Introduction and the Roman numeral headings.

2.      As to paragraph 1, the City alleges that it is without sufficient knowledge or information to form a belief as to the allegations and therefore, denies the allegations contained in the paragraph and holds Plaintiff to her proof thereof.

3.      As to paragraph 2, the City alleges that the first sentence does not require a responsive pleading because it merely states Plaintiff's contended basis for the lawsuit and the City admits the second and third sentences within the paragraph.

4.      The City denies paragraph 3 of the Complaint.

5.      Based on information and belief, the City admits paragraphs 4, 5, 6, 7, 8, 9, 10, 11 and 12 of the Complaint.

6.      The City admits paragraph 13 of the Complaint.

7.      Based on information and belief, the City admits paragraphs 14 and 15.

8.      As to paragraph 16, the City alleges that it is without sufficient knowledge or information to form a belief as to the allegations and therefore, denies the allegations contained in the paragraph and holds Plaintiff to her proof thereof.

9.      As to paragraph 17, the City alleges that a responsive pleading is not required because it merely states how a collective group will be referred to within the Complaint.

10.     Based on information and belief, the City admits paragraphs 18, 19, 20, 21, 22, 23 and 24 of the Complaint.

11.     As to paragraph 25, the City alleges that it is without sufficient knowledge or information to form a belief as to the allegations and therefore, denies the allegations contained in the paragraph and holds Plaintiff to her proof thereof.

12.     As to paragraphs 26 and 27, the City alleges that responsive pleadings are not required because they merely state how a collective group will be referred to within the Complaint.

13.     Based on information and belief, the City admits paragraphs 28 and 29 of the Complaint.

14.     As to paragraph 30, the City alleges that a responsive pleading is not required because it merely states how a collective group will be referred to within the Complaint.

15.     As to paragraphs 31, 32, 33, 34, 35 and 36, the City alleges that it is without sufficient knowledge or information to form a belief as to the allegations and therefore, denies the allegations contained in the paragraph and holds Plaintiff to her proof thereof.

16.     Based on information and belief, the City admits paragraphs 37, 38 and 39 of the Complaint.

17.     As to paragraphs 40 and 41, the City alleges that it is without sufficient knowledge or information to form a belief as to the allegations and therefore, denies the allegations contained in the paragraph and holds Plaintiff to her proof thereof.

18.     As to paragraph 42, the City admits that Plaintiff was not disciplined when she

worked for the St. Paul Police Department and alleges that the City is without sufficient knowledge or information to form a belief as to the allegation as it relates to other police departments and therefore, denies the allegation in that respect.

19.     As to paragraph 43, the City alleges that it is without sufficient knowledge or information to form a belief as to the allegation and therefore, denies the same.

20.     As to paragraphs 44 and 45, the City alleges that it is without sufficient knowledge or information to form a belief as to the allegations and therefore, denies the allegations contained in the paragraphs and holds Plaintiff to her proof thereof.

21.     Based on information and belief, the City admits paragraphs 46, 47 and 48 of the Complaint.

22.     As to paragraphs 49, 50 and 51, the City alleges that it is without sufficient knowledge or information to form a belief as to the allegations and therefore, denies the allegations contained in the paragraphs and holds Plaintiff to her proof thereof.

23.     As to paragraph 52, the City alleges that it is without sufficient knowledge or information to form a belief as to the allegations and therefore, denies the allegations and holds Plaintiff to her proof thereof.

24.     As to paragraphs 53, 54, 55, 56, 57, 58, 59, 60, 61, 62 and 63, the City alleges that it is without sufficient knowledge or information to form a belief as to the allegations and therefore, denies the allegations contained in the paragraphs and holds Plaintiff to her proof thereof.

25.     Based on information and belief, the City admits paragraph 64.

26.     As to paragraph 65, the City alleges that it did not provide the identification of its law enforcement personnel to Plaintiff and alleges that the City is without sufficient knowledge or information to form a belief as to whether any other Defendant entities provided such information and therefore, denies the allegations in that respect.

27.     As to paragraph 66, the City alleges that it is without sufficient knowledge or information to form a belief as to the allegations and therefore, denies the allegations in that respect.

28.     As to paragraphs 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 81, 82, 83, 84, 85 , 86 , 87, 88, 89, 90, 91, 92, 93, 94, 95 and 96, the City alleges that it is without sufficient knowledge or information to form a belief as to the allegations and therefore, denies the allegations.

29.     As to paragraph 97, the City admits the first sentence and denies the second sentence in the paragraph.

30.     The City denies paragraph 98 of the Complaint.

31.     The City denies paragraph 99 of the Complaint.

32.     As to paragraphs 100, 101 and 102, the City alleges that responsive pleadings are not required because they merely state Plaintiff's intentions moving forward in this lawsuit and to the extent responsive pleadings would be required, the City denies any allegations in these paragraphs.

33.     The City admits paragraphs 103 and 104 of the Complaint.

34.     The City denies paragraph 105 of the Complaint as it relates to the City and alleges

that it is without sufficient knowledge or information to form a belief as to the allegations as they relate to any other Defendant and therefore, denies the allegations in that respect.

35.    As to paragraphs 106, 107, 108, 109, 110, 111, 112 and 113, the City alleges that it is without sufficient knowledge or information to form a belief as to the allegations and therefore, denies the allegations contained in the paragraphs.

36.    The City denies paragraphs 114, 115, 116, 117, 118 and 119 of the Complaint as they relate to the City and alleges that it is without sufficient knowledge or information to form a belief as to the allegations as they relate to any other Defendant and therefore, denies the allegations in that respect.

37.    As to paragraph 120, the City alleges that it is without sufficient knowledge or information to form a belief as to the allegations and therefore, denies the allegations and holds Plaintiff to her proof thereof.

38.    As to paragraph 121, the City alleges that it is without sufficient knowledge or information to form a belief as to the allegations and therefore, denies the allegations and holds Plaintiff to her proof thereof.

39.    The City denies paragraph 122 of the Complaint.

40.    As to paragraph 123, the City alleges that it requires a legal conclusion and therefore, no responsive pleading is required.  However, to the extent a responsive pleading is required, the City denies the allegations.

41.    The City denies paragraph 124 of the Complaint.

42.    The City denies paragraph 125 of the Complaint.

43.    As to paragraphs 126, 127, 128, 129, 130, 131 and 132, the City alleges that it is without sufficient knowledge or information to form a belief as to the allegations and therefore, denies the allegations and holds Plaintiff to her proof thereof.

44.    As to paragraph 133, the City restates and realleges its responses to paragraphs 1 - 132 as if fully set-forth herein.

45.    Based on information and belief, the City admits paragraphs 134 and 135 of the Complaint.

46.    As to paragraph 136, the City alleges that it is without sufficient knowledge or information to form a belief as to the allegations and therefore, denies the allegations and holds Plaintiff to her proof thereof.

47.    The City admits paragraphs 137 and 138 of the Complaint.

48.    As to paragraphs 139, 140, 141, 142, 143, and 144, the City alleges that it is without sufficient knowledge or information to form a belief as to the allegations and therefore, denies the allegations and holds Plaintiff to her proof thereof.

49.    The City admits paragraph 145 of the Complaint as it relates to the City and alleges that it is without sufficient knowledge or information to form a belief as to the allegations as they relate to the other Defendants and therefore, denies the allegation in that respect.

50.    The City denies paragraphs 146, 147, 148 and 149 of the Complaint.

51.    As to paragraph 150, the City denies the first sentence of the paragraph and admits the last sentence of the paragraph.

52.    As to paragraph 151, the City restates and realleges its responses to paragraphs 1 - 150 as if fully set-forth herein.

53.    As to paragraph 152, the City alleges that it is without sufficient knowledge or information to form a belief as to the allegations and therefore, denies the allegations and holds Plaintiff to her proof thereof.

54.    The City denies paragraphs 153, 154, 155, 156, 157, 158, 159, 160, 161, 162 and 163 of the Complaint.

55.    As to paragraph 164, the City restates and realleges its responses to paragraphs 1 - 163 as if fully set-forth herein.

56.    As to paragraphs 165 and 166, the City alleges that it is without sufficient knowledge or information to form a belief as to the allegations and therefore, denies the allegations and holds Plaintiff to her proof thereof.

57.    The City denies paragraphs 167, 168, 169, 170, 171, 172, 173, 174, 175, 176, 177 and 178 of the Complaint.

58.    As to paragraphs 179, 180, 181, 182 and 183, the City alleges that it is without sufficient knowledge or information to form a belief as to the allegations and specifically, as to Plaintiff's knowledge, and therefore, denies the allegations and holds Plaintiff to her proof thereof.

59.    The City denies paragraphs 184, 185, 186 and 187 of the Complaint.

60.    As to paragraphs 188, 189, 190, 191, 192, 193, 194, 195, 196, 197, 198, 199, 200,

201, 202, 203 and 204, the City alleges that it is without sufficient knowledge or information to form a belief as to the allegations and therefore, denies the allegations.

61.     As to paragraph 205, the City restates and realleges its responses to paragraphs 1 - 204 as if fully set-forth herein.

62.     The City denies paragraphs 206, 207, 208, 209 and 210 of the Complaint.

63.     As to paragraph 211, the City alleges that no responsive pleading is required as it merely states Plaintiff's demand for a jury trial.

## AFFIRMATIVE DEFENSES

1.     Plaintiff's claims are barred in whole or in part by the doctrine of qualified immunity.

2.     Plaintiff's alleged injuries and any damages sustained by Plaintiff were caused by Plaintiff's own acts or misconduct, and/or Plaintiff failed to mitigate any alleged damages.

3.     All actions taken by the City were authorized by the laws of the United States and the State of Minnesota.

4.     Plaintiff's alleged injuries and any damages sustained by Plaintiff were proximately caused by the acts or misconduct of a third person over whom the City of St. Paul has no control and for whom it is not liable.

5.     Plaintiff's claims are barred in whole or in part by the doctrines of official immunity, vicarious official immunity, statutory immunity, and all other immunities afforded under Minn. Stat. Ch. 466.

6.      If the City is liable to Plaintiff under state law, that liability for compensatory damages is limited pursuant to Minn. Stat. § 466.03, subd. 8 and § 466.04, subd. 1(a).

7.      Plaintiff waived her right to claim violations of her private data under the DPPA and any other source of alleged privacy violation.

8.      Plaintiff does not state a claim against the City upon which relief can be granted.

9.      Plaintiff's claims also may be barred by the affirmative defenses contemplated by Rule 8(c) of the Federal Rules of Civil Procedure which are not specifically set out above. The extent to which Plaintiff's claims may be barred by one or more of said affirmative defenses cannot be determined until there has been further discovery.  The City, therefore, alleges and incorporates all such affirmative defenses set forth in Fed. R. Civ. P. 8(c).

WHEREFORE, the City prays that Plaintiff takes nothing by her pretended cause of action and that the Court dismisses Plaintiff's claims and awards the City its costs and disbursements incurred herein and such other and further relief as the Court deems just and equitable.

Dated: April 3, 2012.                           SARA R. GREWING
                                                City Attorney

                        By:     *s/ Cheri M. Sisk*_____
                                Cheri M. Sisk (#32999X)
                                Assistant City Attorneys
                                750 City Hall and Courthouse
                                15 West Kellogg Boulevard
                                St. Paul, MN 55102
                                Phone: (651) 266-8768
                                Fax: (651) 266-8787
                                cheri.sisk@ci.stpaul.mn.us

                                *Attorneys for the City of St. Paul*

## ACKNOWLEDGMENT

The undersigned hereby acknowledges that sanctions may be imposed upon the attorneys, law firms, or parties pursuant to Minn. Stat. § 549.211.

Dated: April 3, 2012.                     SARA R. GREWING
                                          City Attorney

                          By:    s/ Cheri M. Sisk_____
                                 Cheri M. Sisk (#32999X)
                                 Assistant City Attorneys
                                 750 City Hall and Courthouse
                                 15 West Kellogg Boulevard
                                 St. Paul, MN 55102
                                 Phone:(651) 266-8768
                                 Fax: (651) 266-8787
                                 cheri.sisk@ci.stpaul.mn.us

                                 *Attorneys for the City of St. Paul*

11