## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Anne Marie Rasmusson,

        Plaintiff,

vs.

City of Bloomington, City of Burnsville,
City of Cottage Grove, City of Eagan,
City of Eden Prairie, City of Lakeville,
and City of Minneapolis, et al.,

        Defendants.

Court File No.:  12-cv-0632 (SRN/JSM)

**ANSWER OF DEFEDNANT
CITY OF MINNEAPOLIS**

JURY TRIAL DEMANDED

Defendant City of Minneapolis for its Answer to the Complaint of Plaintiff states and alleges as follows: Unless Admitted, denied, or otherwise pled below, Defendant denies each and every allegation contained in the Complaint.  Defendant:

### INTRODUCTION

The statements made in the Introduction are not susceptible to responsive pleading and are, therefore, denied.

### General Background of Law and Facts

1.    Admits that this is an action for injunctive relief and money damages; is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations and they are, therefore, denied.

2.    Admits that the Plaintiff alleges jurisdiction as set forth in paragraph 2 of the Complaint; denies that such jurisdiction exists.

3.      Admits that the Plaintiff asserts an amount in controversy exceeding $75,000 as set forth in paragraph 3 of the Complaint; denies that the Plaintiff suffered damages as asserted.

## The Parties

4.      Admits upon information and belief the allegations set forth in paragraph 4 of the Complaint.

5.      The allegations set forth in paragraph 5 of the Complaint do not apply to this answering Defendant and are, therefore, denied.

6.      The allegations set forth in paragraph 6 of the Complaint do not apply to this answering Defendant and are, therefore, denied.

7.      The allegations set forth in paragraph 7 of the Complaint do not apply to this answering Defendant and are, therefore, denied.

8.      The allegations set forth in paragraph 8 of the Complaint do not apply to this answering Defendant and are, therefore, denied.

9.      The allegations set forth in paragraph 9 of the Complaint do not apply to this answering Defendant and are, therefore, denied.

10.     The allegations set forth in paragraph 10 of the Complaint do not apply to this answering Defendant and are, therefore, denied.

11.     Admit the allegations set forth in paragraph 11 of the Complaint.

12.     The allegations set forth in paragraph 12 of the Complaint do not apply to this answering Defendant and are, therefore, denied.

13.     The allegations set forth in paragraph 13 of the Complaint do not apply to this answering Defendant and are, therefore, denied.

14.     The allegations set forth in paragraph 14 of the Complaint do not apply to this answering Defendant and are, therefore, denied.

15.     The allegations set forth in paragraph 15 of the Complaint do not apply to this answering Defendant and are, therefore, denied.

16.     Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 16 of the Complaint and they are, therefore, denied.

17.     Admit the allegations set forth in paragraph 17 of the Complaint.

18.     The allegations set forth in paragraph 18 of the Complaint do not apply to this answering Defendant and are, therefore, denied.

19.     The allegations set forth in paragraph 19 of the Complaint do not apply to this answering Defendant and are, therefore, denied.

20.     The allegations set forth in paragraph 20 of the Complaint do not apply to this answering Defendant and are, therefore, denied.

21.     The allegations set forth in paragraph 21 of the Complaint do not apply to this answering Defendant and are, therefore, denied.

3

22.    The allegations set forth in paragraph 22 of the Complaint do not apply to this answering Defendant and are, therefore, denied.

23.    The allegations set forth in paragraph 23 of the Complaint do not apply to this answering Defendant and are, therefore, denied.

24.    The allegations set forth in paragraph 24 of the Complaint do not apply to this answering Defendant and are, therefore, denied.

25.    Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 25 of the Complaint and they are, therefore, denied.

26.    Admit the allegations set forth in paragraph 26 of the Complaint.

27.    Admit the allegations set forth in paragraph 27 of the Complaint.

28.    The allegations set forth in paragraph 28 of the Complaint do not apply to this answering Defendant and are, therefore, denied.

29.    The allegations set forth in paragraph 29 of the Complaint do not apply to this answering Defendant and are, therefore, denied.

30.    Admit the allegations set forth in paragraph 30 of the Complaint.

## FACTUAL ALLEGATIONS

**I.     Rasmusson Served Honorably as a Law-Enforcement Officer**

31.     Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 31 of the Complaint and they are, therefore, denied.

32.     Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 32 of the Complaint and they are, therefore, denied.

33.     Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 33 of the Complaint and they are, therefore, denied.

34.     Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 34 of the Complaint and they are, therefore, denied.

35.     Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 35 of the Complaint and they are, therefore, denied.

36.     Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 36 of the Complaint and they are, therefore, denied.

37.    Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 37 of the Complaint and they are, therefore, denied.

38.    Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 38 of the Complaint and they are, therefore, denied.

39.    Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 39 of the Complaint and they are, therefore, denied.

40.    Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 40 of the Complaint and they are, therefore, denied.

41.    Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 41 of the Complaint and they are, therefore, denied.

42.    Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 42 of the Complaint and they are, therefore, denied.

43.     Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 43 of the Complaint and they are, therefore, denied.

## II.     Over 100 Minnesota Law Enforcement Officers Viewed Rasmusson's Private Information Outside the Scope of Any Investigation or Official Police Business

44.     Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 44 of the Complaint and they are, therefore, denied.

45.     Admit that driver's license records include home address, photograph or image and driver identification number; Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in paragraph 45 of the Complaint and they are, therefore, denied.

46.     The allegations set forth in paragraph 46 of the Complaint do not apply to this answering Defendant and are, therefore, denied.

47.     The allegations set forth in paragraph 47 of the Complaint do not apply to this answering Defendant and are, therefore, denied.

48.     The allegations set forth in paragraph 48 of the Complaint do not apply to this answering Defendant and are, therefore, denied.

49.     The allegations set forth in paragraph 49 of the Complaint do not apply to this answering Defendant and are, therefore, denied.

50.     The allegations set forth in paragraph 50 of the Complaint do not apply to this answering Defendant and are, therefore, denied.

51.     The allegations set forth in paragraph 51 of the Complaint do not apply to this answering Defendant and are, therefore, denied.

52.     Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 52 of the Complaint and they are, therefore, denied.

53.     Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 53 of the Complaint and they are, therefore, denied.

54.     Admit that the Plaintiff was stopped for a speeding violation by Minneapolis officers on November 18, 2009; Denies the remaining allegations set forth in paragraph 54 of the Complaint.

55.     Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 55 of the Complaint and they are, therefore, denied.

56.     Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 56 of the Complaint and they are, therefore, denied.

57.     Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 57 of the Complaint and they are, therefore, denied.

58.     Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 58 of the Complaint and they are, therefore, denied.

59.     Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 59 of the Complaint and they are, therefore, denied.

60.     Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 60 of the Complaint and they are, therefore, denied.

61.     Defendant denies the allegations set forth in paragraph 61 of the Complaint.

62.     Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 62 of the Complaint and they are, therefore, denied.

63.     Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 63 of the Complaint and they are, therefore, denied.

64.     Admit that the City of Minneapolis employees were identified as having accessed the Plaintiff's DMV records; Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in paragraph 64 of the Complaint and they are, therefore, denied.

65.     Admit that Defendant investigated the Plaintiff's complaints and identified individuals who had accessed Plaintiff's DMV records; deny the remaining allegations set forth in paragraph 65 of the Complaint.

66.     Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 66 of the Complaint and they are, therefore, denied.

67.     The allegations contained in paragraph 67 of the Complaint do not apply to this answering Defendant and are, therefore, denied.

68.     The allegations contained in paragraph 68 of the Complaint do not apply to this answering Defendant and are, therefore, denied.

69.     The allegations contained in paragraph 69 of the Complaint do not apply to this answering Defendant and are, therefore, denied.

70.     The allegations contained in paragraph 70 of the Complaint do not apply to this answering Defendant and are, therefore, denied.

71.     The allegations contained in paragraph 71 of the Complaint do not apply to this answering Defendant and are, therefore, denied.

10

72.     The allegations contained in paragraph 72 of the Complaint do not apply to this answering Defendant and are, therefore, denied.

73.     The allegations contained in paragraph 73 of the Complaint do not apply to this answering Defendant and are, therefore, denied.

74.     The allegations contained in paragraph 74 of the Complaint do not apply to this answering Defendant and are, therefore, denied.

75.     The allegations contained in paragraph 75 of the Complaint do not apply to this answering Defendant and are, therefore, denied.

76.     The allegations contained in paragraph 76 of the Complaint do not apply to this answering Defendant and are, therefore, denied.

77.     The allegations contained in paragraph 77 of the Complaint do not apply to this answering Defendant and are, therefore, denied.

78.     The allegations contained in paragraph 78 of the Complaint do not apply to this answering Defendant and are, therefore, denied.

79.     The allegations contained in paragraph 79 of the Complaint do not apply to this answering Defendant and are, therefore, denied.

80.     The allegations contained in paragraph 80 of the Complaint do not apply to this answering Defendant and are, therefore, denied.

81.     The allegations contained in paragraph 81 of the Complaint do not apply to this answering Defendant and are, therefore, denied.

82.     The allegations contained in paragraph 82 of the Complaint do not apply to this answering Defendant and are, therefore, denied.

83.     The allegations contained in paragraph 83 of the Complaint do not apply to this answering Defendant and are, therefore, denied.

84.     The allegations contained in paragraph 84 of the Complaint do not apply to this answering Defendant and are, therefore, denied.

85.     The allegations contained in paragraph 85 of the Complaint do not apply to this answering Defendant and are, therefore, denied.

86.     The allegations contained in paragraph 86 of the Complaint do not apply to this answering Defendant and are, therefore, denied.

87.     The allegations contained in paragraph 87 of the Complaint do not apply to this answering Defendant and are, therefore, denied.

88.     The allegations contained in paragraph 88 of the Complaint do not apply to this answering Defendant and are, therefore, denied.

89.     The allegations contained in paragraph 89 of the Complaint do not apply to this answering Defendant and are, therefore, denied.

90.     Admits that the Plaintiff was interviewed by the Defendant on September 21, 2011; admits that approximately 20 Minneapolis officers had accessed the Plaintiff's DMV records; admits that Plaintiff's records had been accessed in June of 2011; denies the remaining allegations set forth in paragraph 90 of the Complaint.

91.     Admits that the DPS has taken action against Minneapolis officers regarding access to DVS records; deny the remaining allegations set forth in paragraph 91 of the Complaint.

92.     Admits that Minneapolis officers were coached about their use of DMV records; deny the remaining allegations set forth in paragraph 92 of the Complaint.

93.     Admits that approximately 24 Minneapolis employees accessed the Plaintiff's DMV records approximately 120 times between 2007 and 2011; denies the remaining allegations set forth in paragraph 93 of the Complaint.

94.     Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 94 of the Complaint and they are, therefore, denied.

95.     The allegations contained in paragraph 95 of the Complaint do not apply to this answering Defendant and are, therefore, denied.

96.     The allegations contained in paragraph 96 of the Complaint do not apply to this answering Defendant and are, therefore, denied.

97.     The allegations contained in paragraph 97 of the Complaint do not apply to this answering Defendant and are, therefore, denied.

98.     The allegations contained in paragraph 98 of the Complaint do not apply to this answering Defendant and are, therefore, denied.

99.     The allegations contained in paragraph 99 of the Complaint do not apply to this answering Defendant and are, therefore, denied.

100.     The allegations contained in paragraph 100 of the Complaint are not susceptible to responsive pleading and are, therefore, denied.

101.     The allegations contained in paragraph 101 of the Complaint are not susceptible to responsive pleading and are, therefore, denied.

102.     The allegations contained in paragraph 102 of the Complaint do not apply to this answering Defendant and are, therefore, denied.

103.     Admits, upon information and belief, that the DVS website includes admonitions concerning data usage; Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity about a specific warning that may have been displayed at specific dates and times and the remaining allegations set forth in paragraph 103 of the Complaint are, therefore, denied.

104.     Admits that Minneapolis officers are trained regarding data practices and data usage and that the Minneapolis Police Department has rules and regulations regarding the use of data; denies the remaining allegations set forth in paragraph 104 of the Complaint.

105.     Denies the allegations set forth in paragraph 105 of the Complaint.

106.     Admits that the current Minneapolis Police Department Policy and Procedure Manual states in section 4-501 that "[e]mployees shall only access Department

14

of Motor Vehicle (DMV) records for official business-related reasons;" denies the

remaining allegations set forth in paragraph 106 of the Complaint.

107.   The allegations contained in paragraph 107 of the Complaint do not apply

to this answering Defendant and are, therefore, denied.

108.   The allegations contained in paragraph 108 of the Complaint do not apply

to this answering Defendant and are, therefore, denied.

109.   The allegations contained in paragraph 109 of the Complaint do not apply

to this answering Defendant and are, therefore, denied.

110.   The allegations contained in paragraph 110 of the Complaint do not apply

to this answering Defendant and are, therefore, denied.

111.   The allegations contained in paragraph 111 of the Complaint do not apply

to this answering Defendant and are, therefore, denied.

112.   The allegations contained in paragraph 112 of the Complaint do not apply

to this answering Defendant and are, therefore, denied.

113.   The allegations contained in paragraph 113 of the Complaint do not apply

to this answering Defendant and are, therefore, denied.

114.   Denies the allegations set forth in paragraph 114 of the Complaint.

115.   Denies the allegations set forth in paragraph 115 of the Complaint.

116.   Denies the allegations set forth in paragraph 116 of the Complaint.

117.   Denies the allegations set forth in paragraph 117 of the Complaint.

118.    Denies the allegations set forth in paragraph 118 of the Complaint.

119.    Denies the allegations set forth in paragraph 119 of the Complaint.

120.    Denies the allegations set forth in paragraph 120 of the Complaint.

121.    Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 121 of the Complaint and they are, therefore, denied.

122.    Admits that unauthorized access to DMV is prohibited; Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in paragraph 122 of the Complaint and they are, therefore, denied.

123.    The allegations contained in paragraph 123 of the Complaint are not susceptible to responsive pleading in that no individual defendant employed by the City of Minneapolis has been named by the Plaintiff and the allegations are, therefore, denied.

124.    Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 124 of the Complaint and they are, therefore, denied.

**III.   Rasmusson Has Been Harmed By This Intrusion Into Her Private Life**

125.    Denies the allegations set forth in paragraph 125 of the Complaint.

126.    Denies the allegations set forth in paragraph 126 of the Complaint.

127.    Denies the allegations set forth in paragraph 127 of the Complaint.

16

128.    Denies the allegations set forth in paragraph 128 of the Complaint.

129.    Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 129 of the Complaint and they are, therefore, denied.

130.    Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 130 of the Complaint and they are, therefore, denied.

131.    Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 131 of the Complaint and they are, therefore, denied.

132.    Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 132 of the Complaint and they are, therefore, denied.

## COUNT I

**(Against Individual, Supervisor and Entity Defendants, including John, Jane and Entity Does, for Violations of the DPPA, 18 US.C. § 2721, et seq.)**

133.    The allegations set forth in paragraph 133 of the Complaint are not susceptible to responsive pleading and are, therefore, denied.

134.    Admits the allegations set forth in paragraph 134 of the Complaint.

135.    Admits the allegations set forth in paragraph 135 of the Complaint.

136.    Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 136 of the Complaint and they are, therefore, denied.

137.    Admits that 18 U.S.C. §§ 2741 to 2725 regulate and prohibit the release of certain types of personal information in state motor vehicle records; admits that the statute speaks for itself as to what constitutes a violation of its provisions; denies the remaining allegations set forth in paragraph 137 of the Complaint.

138.    Admits that the D.P.P.A. provides criminal penalties and a civil cause of action.

139.    Denies the allegations set forth in paragraph 139 of the Complaint.

140.    The Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 140 of the Complaint because no individual Minneapolis defendants have been named and the allegations are, therefore, denied.

141.    The Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 141 of the Complaint because no individual Minneapolis defendants have been named and the allegations are, therefore, denied.

142.    The Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 142 of the

Complaint because no individual Minneapolis defendants have been named and the allegations are, therefore, denied.

143.    The Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 143 of the Complaint because no individual Minneapolis defendants have been named and the allegations are, therefore, denied.

144.    Denies the allegations set forth in paragraph 144 of the Complaint.

145.    The Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 145 of the Complaint because no individual Minneapolis defendants have been named and the allegations are, therefore, denied.

146.    Denies the allegations set forth in paragraph 146 of the Complaint.

147.    Denies the allegations set forth in paragraph 147 of the Complaint.

148.    Denies the allegations set forth in paragraph 148 of the Complaint.

149.    Denies the allegations set forth in paragraph 149 of the Complaint.

150.    Admits that the D.P.P.A. provides for liquidated damages in the amount of $2,500; denies the remaining allegations set forth in paragraph 150 of the Complaint.

## COUNT II

**(Against Individual Defendants, including John and Jane Does, for Violation of 42 U.S.C. § 1983)**

151.    The allegations set forth in paragraph 151 of the Complaint are not susceptible to responsive pleading and are, therefore, denied.

152.    Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 152 of the Complaint and they are, therefore, denied.

153.    Denies the allegations set forth in paragraph 153 of the Complaint.

154.    Denies the allegations set forth in paragraph 154 of the Complaint.

155.    Denies the allegations set forth in paragraph 155 of the Complaint.

156.    Denies the allegations set forth in paragraph 156 of the Complaint.

157.    Denies the allegations set forth in paragraph 157 of the Complaint.

158.    The Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 158 of the Complaint because no individual Minneapolis defendants have been named and the allegations are, therefore, denied.

159.    The Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 159 of the Complaint because no individual Minneapolis defendants has have been named and the allegations are, therefore, denied.

160.    The Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 160 of the

Complaint because no individual Minneapolis defendants has have been named and the allegations are, therefore, denied.

161.    Denies the allegations set forth in paragraph 161 of the Complaint.

162.    Denies the allegations set forth in paragraph 162 of the Complaint.

163.    Denies the allegations set forth in paragraph 163 of the Complaint.

## COUNT III

### (Against Entity Defendants and Supervisor Defendants, including John, Jane and Entity Does, for violation of 42 U.S.C. § 1983)

164.    The allegations set forth in paragraph 164 of the Complaint are not susceptible to responsive pleading and are, therefore, denied.

165.    Denies the allegations set forth in paragraph 165 of the Complaint.

166.    The allegations set forth in paragraph 166 of the Complaint are not susceptible to responsive pleading and are, therefore, denied.

167.    The allegations set forth in paragraph 167 of the Complaint are not susceptible to responsive pleading and are, therefore, denied.

168.    The allegations set forth in paragraph 168 of the Complaint are not susceptible to responsive pleading and are, therefore, denied.

169.    Denies the allegations set forth in paragraph 169 of the Complaint.

170.    Denies the allegations set forth in paragraph 170 of the Complaint.

171.    Denies the allegations set forth in paragraph 171 of the Complaint.

172.    Denies the allegations set forth in paragraph 172 of the Complaint.

173.    Denies the allegations set forth in paragraph 173 of the Complaint.

174.    Denies the allegations set forth in paragraph 174 of the Complaint.

175.    Denies the allegations set forth in paragraph 175 of the Complaint.

176.    Denies the allegations set forth in paragraph 176 of the Complaint.

177.    Denies the allegations set forth in paragraph 177 of the Complaint.

178.    Denies the allegations set forth in paragraph 178 of the Complaint.

179.    Denies the allegations set forth in paragraph 179 of the Complaint.

180.    Denies the allegations set forth in paragraph 180 of the Complaint.

181.    Denies the allegations set forth in paragraph 181 of the Complaint.

182.    Denies the allegations set forth in paragraph 182 of the Complaint.

183.    Denies the allegations set forth in paragraph 183 of the Complaint.

184.    Denies the allegations set forth in paragraph 184 of the Complaint.

185.    Denies the allegations set forth in paragraph 185 of the Complaint.

186.    Denies the allegations set forth in paragraph 186 of the Complaint.

187.    Denies the allegations set forth in paragraph 187 of the Complaint.

## **COUNT IV**

**(Against Commissioner Defendants for violation of 42 US.C. § 1983)**

188.    The allegations set forth in paragraph 188 of the Complaint to not apply to this answering Defendant and are, therefore, denied.

189.    The allegations set forth in paragraph 189 of the Complaint to not apply to this answering Defendant and are, therefore, denied.

190.    The allegations set forth in paragraph 190 of the Complaint to not apply to this answering Defendant and are, therefore, denied.

191.    The allegations set forth in paragraph 191 of the Complaint to not apply to this answering Defendant and are, therefore, denied.

192.    The allegations set forth in paragraph 192 of the Complaint to not apply to this answering Defendant and are, therefore, denied.

193.    The allegations set forth in paragraph 193 of the Complaint to not apply to this answering Defendant and are, therefore, denied.

194.    The allegations set forth in paragraph 194 of the Complaint to not apply to this answering Defendant and are, therefore, denied.

195.    The allegations set forth in paragraph 195 of the Complaint to not apply to this answering Defendant and are, therefore, denied.

196.    The allegations set forth in paragraph 196 of the Complaint to not apply to this answering Defendant and are, therefore, denied.

197.    The allegations set forth in paragraph 197 of the Complaint to not apply to this answering Defendant and are, therefore, denied.

198.    The allegations set forth in paragraph 198 of the Complaint to not apply to this answering Defendant and are, therefore, denied.

199.    The allegations set forth in paragraph 199 of the Complaint to not apply to this answering Defendant and are, therefore, denied.

200.    The allegations set forth in paragraph 200 of the Complaint to not apply to this answering Defendant and are, therefore, denied.

201.    The allegations set forth in paragraph 201 of the Complaint to not apply to this answering Defendant and are, therefore, denied.

202.    The allegations set forth in paragraph 202 of the Complaint to not apply to this answering Defendant and are, therefore, denied.

203.    The allegations set forth in paragraph 203 of the Complaint to not apply to this answering Defendant and are, therefore, denied.

204.    The allegations set forth in paragraph 204 of the Complaint to not apply to this answering Defendant and are, therefore, denied.

## **COUNT V**

**(Against All Defendants, including John, Jane and Entity Does, for Common Law Invasion of Privacy)**

205.    The allegations set forth in paragraph 205 of the Complaint are not susceptible to responsive pleading and are, therefore, denied.

206.    Denies the allegations set forth in paragraph 206 of the Complaint.

207.    Denies the allegations set forth in paragraph 207 of the Complaint.

208.    Denies the allegations set forth in paragraph 208 of the Complaint.

209.    Denies the allegations set forth in paragraph 209 of the Complaint.

210.    Denies the allegations set forth in paragraph 210 of the Complaint.

## JURY DEMAND

211.    Admits the allegations set forth in paragraph 211 of the Complaint.

## AFFIRMATIVE DEFENSES

1.    The Complaint fails to state a claim against Defendants upon which relief can be granted.

2.    Defendants allege that they are immune from liability in this action under the provisions of Minn. Stat. § 466.03, subd. 5.

3.    Defendants allege that they are immune from liability in this action under the provisions of Minn. Stat. § 466.03, subd. 6.

4.    Defendants allege that the acts upon which the Complaint is made were privileged, were commanded or authorized by law, and were done in a reasonable and lawful manner under the circumstances, such that Defendants are immune from liability in this action.

5.    At all times material to the Complaint, Defendant City of Minneapolis' employees were governmental officials performing discretionary functions in the scope of their official duties and acting in objective good faith, with a reasonable basis to believe that the actions taken, if any, were lawful and justified, such that they have qualified immunity from liability in this action.

7.    Defendants allege that they have immunity in this action under the doctrine

25

of official immunity and vicarious official immunity.

8.     Plaintiff's injuries and damages, if any were caused, contributed to, or brought about by Plaintiff's own negligence and Defendants are not legally responsible.

9.     Liability is limited by Minn. Stat. § 466.04.

10.    Defendants specifically deny that Plaintiff has any right to attorney's fees in this action.

11.    Defendant City of Minneapolis is immune from liability for punitive damages.

12.    Plaintiff has failed to take reasonable action to avoid or mitigate the alleged detriment or damages.

13.    Plaintiff failed to prove actual damages.

14.    Defendant City of Minneapolis alleges that the City of Minneapolis is a municipality, and therefore said Defendant is immune from liability for claims pursuant to 42 U.S.C. § 1983, which are based upon the concept of *respondeat superior*.

15.    Plaintiff's action is barred by the applicable statute of limitations.

16.    Plaintiff consented to the release of her data and/or waived any privacy protection, based on common law or federal or state statutory authority, if any, for her data.

16.    Defendant's use of Plaintiff's data was permissible.

17.    The Driver's Privacy Protection Act preempts Plaintiff's other claims.

18.     Plaintiff failed to properly serve the Defendant John and Jane Does identified in paragraph 25 of the Complaint.

19.     Plaintiff improperly joined the Defendants in this lawsuit.

20.     Defendant reserves the right to assert any and all affirmative defenses that become available to it as the facts of this case develop and discovery is taken and received.

**WHEREFORE**, Defendant prays for an Order of this Court as follows:

a.      Dismissing the Plaintiffs' Complaint on its merits and with prejudice.

b.      Awarding Defendant all its costs and disbursements as allowed by law, including reasonable attorney's fees.

c.      For such other and further relief as this Court deems just and equitable.

Dated:  April 3, 2012                    SUSAN L. SEGAL
                                         City Attorney
                                         By
                                         s/Timothy S. Skarda
                                         TIMOTHY S. SKARDA (10176X)
                                         KRISTIN R. SARFF (0388003)
                                         Assistant City Attorneys
                                         Attorneys for Defendant City of Minneapolis
                                         350 South 5th Street, Room 210
                                         Minneapolis, MN 55415
                                         (612) 673-2553

27