UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Anne Marie Rasmusson,<br><br>Plaintiff,<br><br>v.<br><br>City of Bloomington, et al.,<br><br>Defendants, | No. 12-CV-00632 (SRN/JSM)<br><br><br><br>**MEMORANDUM OPINION<br>AND ORDER** |

Jonathan A. Strauss, Lorenz F. Fett, Jr., Sonia Miller-Van Oort, and Kenneth H. Fukuda, Sapientia Law Group PLLC, 12 South Sixth Street, Suite 1242, Minneapolis, MN 55402, on behalf of Plaintiff.

Gary R. Cunningham, Minnesota Attorney General's Office, 445 Minnesota Street, Suite 1100, St. Paul, MN 55101-2128, on behalf of Defendants Michael Campion and Mona Dohman, as Commissioners of the Minnesota Department of Public Safety.

SUSAN RICHARD NELSON, United States District Judge

## I.   INTRODUCTION

This matter is before the Court on Plaintiff's Motion for an Award of Costs, Including Reasonable Attorneys' Fees, under 18 U.S.C. § 2724 and 42 U.S.C. § 1988 [Doc. No. 72]. For the reasons set forth below, the Court grants Plaintiff's Motion.

## II.   BACKGROUND

On March 12, 2012, Plaintiff Anne Marie Rasmusson ("Plaintiff") filed an action in this Court seeking relief against over 160 defendants, including Defendant Michael Campion and Defendant Mona Dohman, as Commissioners of the Minnesota Department of Public Safety (collectively, "Defendant Commissioners"). (See Compl. ¶¶ 5–30 [Doc. No.

1].) Plaintiff brought claims under the Driver's Privacy Protection Act ("DPPA"), 18 U.S.C. § 2721, et seq., and under 42 U.S.C. § 1983. (Id. ¶¶ 133–204.) She also brought a common law claim for invasion of privacy. (Id. ¶¶ 205–210.) These claims centered on allegations that law enforcement personnel had been viewing Plaintiff's and other citizens' private driver's license information in the Minnesota driver's license database without a legitimate purpose. (See id. ¶¶ 1, 133–210.) On May 3, 2012, Defendant Commissioners brought a motion to dismiss the claims against them. (See Doc. No. 25.) Pending a ruling on that motion, the parties engaged in settlement negotiations before Magistrate Judge Janie S. Mayeron. (See Doc. No. 63.) A binding settlement was reached on January 2, 2013. (Fett Aff. dated Feb. 15, 2013, ¶ 6 [Doc. No. 75] ("First Fett Aff.").)

As part of the settlement, the parties agreed to submit the question of attorneys' fees and costs to the Court. (Mem. of Law in Supp. of Pl.'s Fee Pet. Against Def. Commissioners at 1 [Doc. No. 80] ("Pl.'s Supp. Mem."); Mem. of Law of Defs. Dohman and Campion in Opp. to Pl.'s Mot. for an Award of Costs at 1 [Doc. No. 81] ("Defs.' Opp. Mem.").) The parties agreed to present the matter via written submissions, without need for oral argument. (Pl.'s Notice of Mot. at 2 [Doc. No. 73].) On February 15, 2013, Plaintiff submitted a brief [Doc. No. 80] and six affidavits [Doc. Nos. 74–79] in support of her Motion. Defendant Commissioners filed an opposition brief on February 25 [Doc. No. 81], and Plaintiff filed a reply brief [Doc. No. 87] and two additional affidavits [Doc. Nos. 88–89] in support of her Motion on March 4.

2

### III. DISCUSSION

#### A. Statutory Authority for Award of Fees and Costs

Plaintiff seeks an award of attorneys' fees and costs under the DPPA and 42 U.S.C. § 1988. (Pl.'s Supp. Mem. at 1 [Doc. No. 80].) However, Plaintiff's Complaint does not assert a cause of action under the DPPA against Defendant Commissioners. (See Reply Mem. of Law in Supp. of Pl.'s Fee Pet. at 9 n.3 [Doc. No. 87] ("Pl.'s Reply Mem.").) Rather, the Complaint only includes a cause of action under § 1983 and a claim for invasion of privacy against those particular defendants.[1] (Compl. ¶¶ 188–210 [Doc. No. 1].) Therefore, the Court's analysis will focus on § 1988, which includes "a reasonable attorney's fee as part of the costs" available to the "prevailing party" in a § 1983 civil rights action. 42 U.S.C. § 1988(b). In this case, Defendant Commissioners have acknowledged that Plaintiff was the prevailing party based on the provisions of the settlement agreement entered into by the parties. (Defs.' Opp. Mem. at 3 [Doc. No. 81].) Therefore, Plaintiff is entitled to an award of reasonable attorneys' fees and costs pursuant to § 1988.

#### B. Standard for Award of Fees

The amount of an attorney fee award must be determined on the facts of each case and is within the district court's discretion. Hensley v. Eckerhart, 461 U.S. 424, 429, 437 (1983); see Hanig v. Lee, 415 F.3d 822, 825 (8th Cir. 2005) (citation omitted)

---

[1] Plaintiff contends that she "inadvertently failed to allege a violation of the DPPA" against Defendant Commissioners. (Pl.'s Reply Mem. at 9 n.3 [Doc. No. 87].) On September 28, 2012, she moved to amend the Complaint to add that claim. (See Doc. No. 50.) However, Plaintiff withdrew that motion on November 8, 2012. (See Doc. No. 68.) Therefore, for purposes of the current matter, the Court will rely on the causes of action stated in the original Complaint.

("Attorney's fees are within the broad discretion of the district court . . . ."). The starting point for determining a reasonable attorney fee is the "'lodestar'" calculation, which is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. Hanig, 415 F.3d at 825 (citation omitted); see Hensley, 461 U.S. at 433. The court may consider the following factors when determining whether to adjust the lodestar amount upward or downward:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

United HealthCare Corp. v. Am. Trade Ins. Co., 88 F.3d 563, 574 n.9 (8th Cir. 1996) (quoting Hensley, 461 U.S. at 430 n.3). However, "many of these factors usually are subsumed within the initial [lodestar] calculation." Hensley, 461 U.S. at 434 n.9. In her moving papers, Plaintiff seeks an award of attorneys' fees in the amount of $130,790.25. (Pl.'s Supp. Mem. at 1 [Doc. No. 80].) Defendant Commissioners argue that Plaintiff is only entitled to $17,890. (Defs.' Opp. Mem. at 1 [Doc. No. 81].)

### 1. Reasonable Hourly Rate

Plaintiff seeks to recover attorneys' fees based on her legal team's hourly rates ranging from $100 to $400 per hour. (Pl.'s Supp. Mem. at 11–12 [Doc. No. 80]; Miller-Van Oort Aff. ¶ 12 & Ex. A at 28 [Doc. No. 74].) To determine whether an hourly rate is reasonable, the court looks at the rates "prevailing in the community for similar services

by lawyers of reasonably comparable skill, experience and reputation." <u>Blum v. Stenson</u>, 465 U.S. 886, 895 n.11 (1984); <u>accord</u> <u>McDonald v. Armontrout</u>, 860 F.2d 1456, 1458–59 (8th Cir. 1988).  Also, "courts may draw on their own experience and knowledge of prevailing market rates." <u>Warnock v. Archer</u>, 397 F.3d 1024, 1027 (8th Cir. 2005) (citation omitted).  However, the fee applicant bears the burden of producing evidence to support the rates charged.  <u>Hensley</u>, 461 U.S. at 433.

Plaintiff's counsel has submitted an affidavit stating that her legal team is comprised of four attorneys and a paralegal.  (<u>See</u> Miller-Van Oort Aff. ¶ 10 [Doc. No. 74].)  According to Plaintiff's counsel, their rates are:  $100 per hour for the paralegal, $220 per hour for the attorney with four years of legal experience, $350 per hour for the two attorneys with fifteen years of legal experience each, and $400 per hour for the attorney with thirty years of legal experience.  (<u>Id.</u> ¶ 12; <u>see id.</u>, Ex. A at 28.)  The four attorneys submitted affidavits describing their personal legal experience, their experience handling similar types of cases, their role on the team, and their hourly rate for work of this type.  (<u>See</u> <u>id.</u> ¶¶ 2–5, 10–12; First Fett Aff. ¶¶ 2–4, 10 [Doc. No. 75]; Fukuda Aff. ¶¶ 2–4, 8 [Doc. No. 76]; Strauss Aff. ¶¶ 2–4, 7, 12 [Doc. No. 77].)

In addition, Plaintiff submitted expert affidavits from two Minnesota attorneys, Marshall Tanick and Eric Hageman, who have extensive legal experience with the types of issues raised in the case, including the question of reasonable attorneys' fees.  (<u>See</u> Tanick Aff. ¶¶ 5–6 [Doc. No. 78]; Hageman Aff. ¶ 3 [Doc. No. 79].)  Both of those attorneys opined that the rates charged by Plaintiff's legal team in this matter are reasonable hourly rates for attorneys in the relevant community who are of similar levels of talent and

experience.  (See Tanick Aff. ¶¶ 7–8 [Doc. No. 78]; Hageman Aff. ¶¶ 10, 12b[2] [Doc. No. 79].)  In fact, both of those attorneys believe the rates may be below market value.  (See Tanick Aff. ¶ 8 [Doc. No. 78]; Hageman Aff. ¶ 12b [Doc. No. 79].)

The stated hourly rates for Plaintiff's counsel are adequately supported by documentation in the record that demonstrates the rates are consistent with the prevailing rates in the community for similar services by lawyers of comparable skill and experience.  The rates are also consistent with rates awarded in this District in other § 1983 cases.  See Owner-Operator Indep. Driver Ass'n v. Dunaski, Civ. No. 09-1116 (DWF/LIB), 2012 WL 4009333, at *4 (D. Minn. Sept. 12, 2012) (allowing an hourly rate of $110 for a paralegal and rates ranging from $225 to $400 for attorneys for purposes of calculating reasonable attorneys' fees under § 1988); Madison v. Willis, Civ. No. 09-930 (DWF/AJB), 2011 WL 851479, at *1 (D. Minn. Mar. 9, 2011) (allowing hourly rates ranging from $100 to $125 for paralegals and rates ranging from $180 to $600 for attorneys for purposes of calculating reasonable attorneys' fees under § 1988).  Nowhere in their opposition memorandum do Defendant Commissioners contest these rates.  (See generally Defs.' Opp. Mem. [Doc. No. 81].)  Therefore, the Court finds that the rates in this case are reasonable.

---

[2]  The Affidavit of Eric Hageman [Doc. No. 79] contains two paragraphs marked "11" and two paragraphs marked "12."  The Court will refer to the first Paragraphs 11 and 12 as Paragraphs 11a and 12a, and the second Paragraphs 11 and 12 as Paragraphs 11b and 12b.

### 2. Number of Hours Expended

Using the rates stated above, Plaintiff seeks to recover $89,566 in attorneys' fees based on 256 hours of work that related specifically to Defendant Commissioners, plus $41,224.25, which is twenty-five percent of the fees attributable to 530 hours of work that related to her case against all of the defendants. (Pl.'s Supp. Mem. at 10 [Doc. No. 80]; see Miller Van-Oort Aff. ¶ 21 & Ex. A [Doc. No. 74].) The fee applicant bears the burden of producing evidence to support the number of hours worked and should make a good faith effort to exclude hours that are "excessive, redundant, or otherwise unnecessary." Hensley, 461 U.S. at 433–34. "Where the documentation of hours is inadequate, the district court may reduce the award accordingly." Id. at 433.

Plaintiff's counsel has submitted detailed contemporaneous time records listing the work performed by each member of the legal team and the time it took to accomplish that work. (See Miller Van-Oort Aff., ¶¶ 18–19 & Ex. A [Doc. No. 74].) Each of the attorneys on the legal team attested that the hours they expended were necessary to achieve the results obtained in the case. (See id. ¶ 21; First Fett Aff. ¶ 9 [Doc. No. 75]; Fukuda Aff. ¶ 7 [Doc. No. 76]; Strauss Aff. ¶ 11 [Doc. No. 77].) In addition, Plaintiff's experts opined that the amount of work performed by Plaintiff's counsel was reasonable. (See Tanick Aff. ¶ 10 [Doc. No. 78]; Hageman Aff. ¶ 11a [Doc. No. 79].)

Defendant Commissioners make three main objections to the amount of time for which Plaintiff seeks to recover fees. First, they argue that Plaintiff should not be able to recover her attorneys' fees for the hours her legal team spent responding to Defendant Commissioners' motion to dismiss. (Defs.' Opp. Mem. at 3–7 [Doc. No. 81].) They

claim that Plaintiff never would have prevailed on the motion and that the total amount spent was excessive.  (See id.)  However, the settlement agreement was reached prior to the Court's ruling on the motion to dismiss, and the Court will not now render an advisory opinion regarding the outcome of that motion.  See United Pub. Workers of Am. (C.I.O.) v. Mitchell, 330 U.S. 75, 89 (1947) (citations omitted) ("As is well known[,] the federal courts established pursuant to Article III of the Constitution do not render advisory opinions.").  And, Defendant Commissioners have offered no explanation, and have not identified any specific time entries, to support their contention that the number of hours claimed is excessive, other than an assertion that 62.46 hours for preparation and attendance at oral argument was extreme.  (See Defs.' Opp. Mem. at 7 [Doc. No. 81].)  On the other hand, Plaintiff's counsel detailed in an affidavit the numerous issues raised in the motion to dismiss and the allocation of work among the legal team to avoid duplicative efforts.  (See Miller-Van Oort Aff. ¶¶ 7–8 [Doc. No. 74].)  Without more explanation from Defendant Commissioners, the Court cannot find that the hours requested in relation to the motion to dismiss are excessive.

Second, Defendant Commissioners argue that Plaintiff has included in her fee request fees in the amount of $4,677 for work done relating to claims against other parties.  (Defs.' Opp. Mem. at 3, 7 [Doc. No. 81].)  As Plaintiff notes, however, Defendant Commissioners again have provided no details regarding which specific time entries they are challenging.  (See Pl.'s Reply Mem. at 13 [Doc. No. 87].)  Therefore, the Court is unable to determine that those fees are not properly included in Plaintiff's fee request.

Third, Defendant Commissioners argue both that the one-quarter share of common fees Plaintiff has allocated to Defendant Commissioners and the total amount of common fees Plaintiff claims to have incurred are excessive. (Defs.' Opp. Mem. at 3, 7–8 [Doc. No. 81].) As to the share of common fees, Defendant Commissioners argue that they should only be accountable for five percent of the total because they would have succeeded on the motion to dismiss, they paid no monetary damages, Plaintiff received settlements from other entities, and Plaintiff sued more than 160 defendants. (Id. at 7–8.) However, as discussed above, the Court will not speculate as to the outcome of the motion to dismiss. Likewise, as will be addressed in the next subsection, the nature of the relief obtained is not determinative. Furthermore, Defendant Commissioners have not demonstrated that Plaintiff is receiving a windfall through the multiple settlements, and they offer no explanation for why a five-percent share would be more appropriate than a twenty-five percent share. On the other hand, Plaintiff has explained that she seeks twenty-five percent of the common fees from Defendant Commissioners because they were one of four major groups of defendants in the lawsuit. (Pl.'s Supp. Mem. at 11 [Doc. No. 80].) In addition, the experts stated that the allocation is fair and reasonable. (See Tanick Aff. ¶ 9 [Doc. No. 78]; Hageman Aff. ¶ 11a [Doc. No. 79].) Defendant Commissioners have not adequately demonstrated why that figure is unreasonable, and the Court is unable to determine that an award of twenty-five percent of the common fees is improper.

As to the total amount of common fees Plaintiff claims to have incurred, Defendant Commissioners argue that the amount is unreasonable. (Defs.' Opp. Mem. at

9

8 [Doc. No. 81].) Specifically, they challenge the amount charged for creating and filing the Complaint.[3] (Id.) In regard to the overall number, Plaintiff's time records demonstrate that counsel spent 530 hours on work that related to all of the defendants in the lawsuit over a period of approximately sixteen months. (See Miller-Van Oort Aff., Ex. A at 10–28 [Doc. No. 74-1].) That amount equates to roughly thirty-three hours per month for the entire legal team, or less than seven hours per individual team member per month. Those numbers are not unreasonable.

In regard to the time spent on the Complaint, according to Plaintiff's counsel, the case involved a significant amount of initial investigation and research both because of the scope of the conduct at issue and because some of the issues were of first impression in this jurisdiction. (Miller-Van Oort Aff. ¶¶ 7–8 [Doc. No. 74]; Pl.'s Reply Mem. at 11 n.4 [Doc. No. 87]; Fett Aff. dated Mar. 4, 2013, ¶¶ 7–8 [Doc. No. 89] ("Second Fett Aff.").) Such fees are recoverable under § 1988. See McDonald, 860 F.2d at 1462 (citation omitted) ("Section 1988 does not limit fee awards to work performed after the complaint is filed, but allows recovery of fees for time spent beforehand investigating facts and researching the viability of potential legal claims."). Defendant Commissioners have not demonstrated otherwise. Therefore, the Court cannot find that the total amount of common fees is excessive. Accordingly, the Court finds that the number of hours and

---

[3] Defendant Commissioners state that Plaintiff's counsel charged $66,500 to create and file the Complaint, but they do not identify the specific time entries. (See Defs.' Opp. Mem. at 8 [Doc. No. 81].) Defendant Commissioners also argue that Plaintiff improperly seeks recovery of $13,310 for legal research conducted prior to filing the Complaint. (Id. at 4.) It is not clear whether that amount is part of the $66,500 figure.

resulting amount of fees charged by Plaintiff's counsel in this case are reasonable, and the proper lodestar calculation is $130,790.25.

### 3. Results Obtained

Plaintiff seeks to recover the full amount of fees as determined by the lodestar calculation. (Pl.'s Supp. Mem. at 13–17 [Doc. No. 80].) "[T]he 'lodestar[]' is presumed to be the reasonable fee contemplated by § 1988." City of Riverside v. Rivera, 477 U.S. 561, 568 (1986). However, the lodestar may be adjusted upward or downward, and the "results obtained" factor is "particularly crucial" if a plaintiff succeeded on only a portion of his claims. Hensley, 461 U.S. at 434. The court must "consider the relationship between the extent of success and the amount of the fee award." Id. at 440. "A reduced fee award is appropriate if the relief, however significant, is limited in comparison to the scope of the litigation as a whole." Id. But, "[w]here a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee. Normally, this will encompass all hours reasonably expended on the litigation . . . ." Id. at 435.

Fee awards under § 1988 need not be proportionate to the amount of damages a plaintiff recovers. City of Riverside, 477 U.S. at 574. As noted by the U.S. Supreme Court, "Congress has determined that 'the public as a whole has an interest in the vindication of the rights conferred by the statutes enumerated in § 1988, over and above the value of a civil rights remedy to a particular plaintiff.'" Id. (citation omitted). Fee awards under § 1988 also need not be conditioned upon an award of damages. While "[t]he amount of damages a plaintiff recovers is certainly relevant to the amount of attorney's fees to be awarded under § 1988," id. (citation omitted), it is "'intended that the amount of fees awarded . . . not be

reduced because the rights involved may be nonpecuniary in nature,'" id. at 575 (quoting S. Rep. No. 94-1011, at 6 (1976), reprinted in 1976 U.S.C.C.A.N. 5908, 5913) (emphasis in original); see Moore v. City of Des Moines, 766 F.2d 343, 344, 346 (8th Cir. 1985) (affirming district court's award of attorneys' fees and expenses totaling $195,433.59 plus interest pursuant to § 1988 after entering a consent decree). Indeed, "[o]ne of the benefits of successful litigation under 42 U.S.C. § 1983, at least where . . . that litigation results in declaratory and injunctive relief, is that a standard of conduct is laid down for public officials, a standard which will in the future benefit all those persons in a situation similar to [the] plaintiff's." Fast v. Sch. Dist. of Ladue, 728 F.2d 1030, 1034 (8th Cir. 1984); see City of Riverside, 477 U.S. at 574 (citation omitted) ("Unlike most private tort litigants, a civil rights plaintiff seeks to vindicate important civil and constitutional rights that cannot be valued solely in monetary terms.").

Here, Defendant Commissioners argue that Plaintiff's fee request should be reduced by eighty-five percent because Plaintiff had limited success against them. (Defs.' Opp. Mem. at 3–4 [Doc. No. 81].) Defendant Commissioners do not contend that Plaintiff had limited success because she only prevailed on some of her claims against them. (See id.) Rather, Defendant Commissioners argue that Plaintiff achieved limited success because she received no damages from them and the injunctive relief provided in the settlement agreement is of little value to Plaintiff. (See id. at 4.) However, as discussed above, the fact that Plaintiff did not receive any damages from Defendant Commissioners does not necessarily lead to a reduction in her requested attorneys' fees. Likewise, a successful

12

outcome in a civil rights case may be based on a benefit to the public rather than a benefit solely to the plaintiff.

The Court must consider the relationship between the extent of Plaintiff's success and the amount of fees requested. Plaintiff has stated that two of her primary goals in this lawsuit were to stop law enforcement personnel from accessing her private driver's license information and to have the Department of Public Safety ("DPS") be held more accountable for the driver's license databases. (Rasmusson Aff. ¶ 5 [Doc. No. 88].) As to the case against Defendant Commissioners, Plaintiff's counsel states that the focus was to obtain injunctive relief and to impose changes to the monitoring and use of the driver's license database. (See Miller-Van Oort Aff. ¶ 14 [Doc. No. 74].) Among other things, the settlement reached between Plaintiff and Defendant Commissioners requires the following: that (1) driver's license database users check a box indicating they are using the database for legitimate law enforcement purposes; (2) DPS conduct monthly audits and investigations of name searches and search users; (3) DPS train law enforcement personnel regarding the DPPA; and (4) DPS develop best practices and improvements to the database to ensure that it is being used for permissible purposes. (Id. ¶ 15.) In light of the far-reaching positive ramifications of Plaintiff's settlement with Defendant Commissioners, it appears that Plaintiff received the relief she was seeking from them.

Furthermore, this litigation received significant media attention and prompted administrative and legislative action to address the concerns raised. (See Tanick Aff. ¶ 11 [Doc. No. 78]; Hageman Aff. ¶ 9 [Doc. No. 79]; First Fett Aff. ¶¶ 6–7 & Ex. B [Doc. No. 75]; Second Fett Aff. ¶¶ 3–6 & Ex. A [Doc. No. 89].) Therefore, in addition to any

individual benefit Plaintiff receives from the agreement, it is evident that the public interest is being substantially served by its provisions. The Court finds no reason to reduce the amount of fees requested based on the nature or extent of the results obtained by Plaintiff in this case. Rather, it appears that the results obtained justify the amount of fees requested by Plaintiff. Accordingly, the Court finds that Plaintiff is entitled to an award of attorneys' fees from Defendant Commissioners in the amount of $130,790.25.

### C.   Costs

In her moving papers, Plaintiff initially sought an award of costs in the amount of $287.50. (Miller-Van Oort Aff. ¶ 20 [Doc. No. 74].) Defendant Commissioners contested Plaintiff's initial request, arguing for a reduced amount of $146.50. (Defs.' Opp. Mem. at 8 [Doc. No. 81].) Plaintiff subsequently withdrew her original request and now seeks an award of costs in the amount of $146.50. (Pl.'s Reply Mem. at 12–13 [Doc. No. 87].) An award of reasonable attorneys' fees can include reasonable out-of-pocket expenses of the kind normally charged to clients by attorneys. Pinkham v. Camex, Inc., 84 F.3d 292, 294–95 (8th Cir. 1996) (citations omitted). The amount Plaintiff requests represents costs incurred in serving the Summons and Complaint on Defendant Commissioners and a portion of the filing fee for the Complaint. (See Miller-Van Oort Aff. ¶ 20 [Doc. No. 74]; Defs.' Opp. Mem. at 8 [Doc. No. 81]; Pl.'s Reply Mem. at 12–13 [Doc. No. 87].) Such costs are expenses of the kind normally charged to clients by attorneys. The parties have conceded that $146.50 is a reasonable amount, and the Court agrees. Accordingly, the Court finds that Plaintiff is entitled to an award of costs in the amount of $146.50.

**THEREFORE, IT IS HEREBY ORDERED THAT:**

1. Plaintiff's Motion for an Award of Costs, Including Reasonable Attorneys' Fees Under 18 U.S.C. § 2724 and 42 U.S.C. § 1988 [Doc. No. 72] is **GRANTED**;

2. The Court awards Plaintiff her attorneys' fees in the amount of $130,790.25 and costs in the amount of $146.50, for a total award of $130,936.75; and

3. Defendants Michael Campion and Mona Dohman, as Commissioners of the Minnesota Department of Public Safety, are hereby ordered to remit to Plaintiff a total amount of $130,936.75 for attorneys' fees and costs.

Dated: July 3, 2013                    s/Susan Richard Nelson
                                       SUSAN RICHARD NELSON
                                       United States District Judge